Richmond, P. J.
This case is submitted upon an agreed state of facts. Appellant, Ed. Cunningham, was indicted by the grand jury for keeping open a saloon where intoxicating liquors were sold on the Sabbath, in the town of Crested Butte, Gunnison county. It is admitted that he held a license from the trustees of said town to sell and deal in intoxicating liquors and that the board of trustees had, prior to the said alleged defense, assumed control of the sale of intoxicating liquors within the limits of said town and had granted said appellant such license, and that the trustees had passed an ordinance in due form relating to the licensing of such business and the regulation of the same which was in full force on the dajr of such alleged offense; and that there was no ordinance in existence prohibiting or controlling the sale of liquors on Sunday.
Upon the agreed state of facts the court found the appellant guilty, and assessed a fine. From this judgment the defendant appeals.
It is insisted that subdivision 18 of section 3812, Gen. Laws 1883, grants to towns and cities the exclusive right *156 to license and regulate the sale o£ intoxicating liquors within such towns and cities, and that no indictment for a violation of section 839, to wit: “ Keeping open a tippling-house on the Sabbath day,” can be maintained.
Subdivision 18 of said section 3312 provides that towns and cities shall have the exclusive right to license, regulate, or prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor within the limits of the city or town, or within one mile beyond the outer boundaries thereof, except where the boundaries of the two cities or towns adjoin, the license not to extend beyond the municipal year in which it shall be granted and to determine the amount to be paid for such license * * * .
We deem it unnecessary to discuss at length the proposition presented by this agreed state of facts. It has repeatedly received the consideration of the supreme court of this state and we are somewhat surprised, in the light of those decisions, that it was found necessary for the. appellant to prosecute this appeal.
In the case of Rogers v. The People, 9 Colo. 450, it is expressly declared that it is competent for the legislature to confer upon the city authorities exclusive control, and such exclusive control having been given, a party cannot be indicted under the general law of the state, such power having been accepted by the enactment of an ordinance covering the offense.
In Huffsmith v. The People, 8 Colo. 175, it is declared that “ The grant of exclusive power and authority to one jurisdiction to restrain, regulate or prohibit a business as to every day in the week, is irreconcilable with the existence of a concurrent power to prohibit the exercise of the same vocation upon a single day in the week.”
In Hetzer v. The People, 4 Colo. 45, it is announced that “Where the legislature vests either in the city or county authorities the exclusive right to license vendors of spirituous liquors, a license to a vendor from the authority exclusively authorized to grant it is all that can be required.”
*157 The foregoing oases are confirmed by the supreme court in the case of Heinssen v. The State, 14 Colo. 228. Such being the conclusion of the supreme court of this state, no alternative is left us but to say that the judgment must be reversed and the cause remanded for proceedings in conformity with this opinion.

Reversed.